Scott Edward Cole, Esq. (S.B. #160744)
Laura Grace Van Note, Esq. (S.B. #310160)
Cody Alexander Bolce, Esq. (S.B. #322725)
**COLE & VAN NOTE**
555 12th Street, Suite 1725
Oakland, California 94607
Telephone:  (510) 891-9800
Facsimile:   (510) 891-7030
Email:   sec@colevannote.com
Email:   lvn@colevannote.com
Email:   cab@colevannote.com
Web:     www.colevannote.com

Attorneys for Representative Plaintiff
and the Plaintiff Classes

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| VERONICA ROMAN, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>HANES BRANDS, INC.,<br><br>Defendant. | Case No.<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF FOR:**<br><br>1. **NEGLIGENCE;**<br>2. **NEGLIGENCE *PER SE*;**<br>3. **CONFIDENTIALITY OF MEDICAL INFORMATION ACT (CAL. CIV. CODE §56);**<br>4. **BREACH OF IMPLIED CONTRACT;**<br>5. **BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;**<br>6. **UNFAIR BUSINESS PRACTICES;**<br>7. **UNJUST ENRICHMENT**<br><br>**[JURY TRIAL DEMANDED]** |

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

Representative Plaintiff alleges as follows:

## INTRODUCTION

1.      Representative Plaintiff Veronica Roman ("Representative Plaintiff") brings this class action against Defendant Hanes Brands, Inc. ("Defendant" or "Hanes") for its failure to properly secure and safeguard Representative Plaintiff's and Class Members' personally identifiable information stored within Defendant's information network, including, without limitation, dates of birth, financial account information, government issued identification numbers such as drivers' license numbers, passport information, Social Security numbers, and other information related to benefits and employment, including certain limited health information provided for employment related purposes (these types of information, *inter alia*, being thereafter referred to, collectively, as "protected health information" or "PHI"[1] and "personally identifiable information" or "PII").[2]

2.      With this action, Representative Plaintiff seeks to hold Defendant responsible for the harms it caused and will continue to cause Representative Plaintiff countless other similarly situated persons in the massive and preventable cyberattack purportedly discovered by Defendant on May 24, 2022, by which cybercriminals infiltrated Defendant's inadequately protected network servers and accessed highly sensitive PHI/PII and financial information, which was being kept unprotected (the "Data Breach").

3.      While Defendant claims to have discovered the breach as early as May 24, 2022, Defendant did not begin informing victims of the Data Breach until August 2022 and failed to

---

[1]     Personal health information ("PHI") is a category of information that refers to an individual's medical records and history, which is protected under the Health Insurance Portability and Accountability Act. *Inter alia*, PHI includes test results, procedure descriptions, diagnoses, personal or family medical histories and data points applied to a set of demographic information for a particular patient.

[2]     Personally identifiable information ("PHI/PII") generally incorporates information that can be used to  distinguish or trace an individual's identity, either alone or when combined with other personal or identifying information. 2 C.F.R. § 200.79. At a minimum, it includes all information that on its  face expressly identifies an individual. PHI/PII also is generally defined to include certain identifiers  that do not on its face name an individual, but that are considered to be particularly sensitive  and/or valuable if in the wrong hands (for example, Social Security numbers, passport numbers, driver's license numbers, financial account numbers).

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

inform victims when or for how long the Data Breach occurred. Indeed, Representative Plaintiff and Class Members were wholly unaware of the Data Breach until they received letters from Defendant informing them of it. The notice received by Representative Plaintiff was dated September 30, 2022.

4. Defendant acquired, collected and stored Representative Plaintiff's and Class Members' PHI/PII and/or financial information. Therefore, at all relevant times, Defendant knew, or should have known, that Representative Plaintiff and Class Members would use Defendant's services to store and/or share sensitive data, including highly confidential PHI/PII.

5. By obtaining, collecting, using, and deriving a benefit from Representative Plaintiff's and Class Members' PHI/PII, Defendant assumed legal and equitable duties to those individuals. These duties arise from state and federal statutes and regulations as well as common law principles.

6. Defendant disregarded the rights of Representative Plaintiff and Class Members by intentionally, willfully, recklessly, or negligently failing to take and implement adequate and reasonable measures to ensure that Representative Plaintiff's and Class Members' PHI/PII was safeguarded, failing to take available steps to prevent an unauthorized disclosure of data, and failing to follow applicable, required and appropriate protocols, policies and procedures regarding the encryption of data, even for internal use. As a result, the PHI/PII of Representative Plaintiff and Class Members was compromised through disclosure to an unknown and unauthorized third party—an undoubtedly nefarious third party that seeks to profit off this disclosure by defrauding Representative Plaintiff and Class Members in the future. Representative Plaintiff and Class Members have a continuing interest in ensuring that their information is and remains safe, and they are entitled to injunctive and other equitable relief.

## JURISDICTION AND VENUE

7. Jurisdiction is proper in this Court under 28 U.S.C. §1332 (diversity jurisdiction). Specifically, this Court has subject matter and diversity jurisdiction over this action under 28 U.S.C. § 1332(d) because this is a class action where the amount in controversy exceeds the sum

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1   or value of $5 million, exclusive of interest and costs, there are more than 100 members in the

2   proposed class, and at least one other Class Member is a citizen of a state different from Defendant.

3      8.      Supplemental jurisdiction to adjudicate issues pertaining to state law is proper in

4   this Court under 28 U.S.C. §1367.

5      9.      Defendant is a citizen of North Carolina that routinely conducts business in the

6   State where this district is located, has sufficient minimum contacts in this State, and has

7   intentionally availed itself of this jurisdiction by marketing and selling products and services, and

8   by accepting and processing payments for those products and services within this State.

9      10.     Venue is proper in this Court under 28 U.S.C. § 1391 because a substantial part of

10   the events that gave rise to Representative Plaintiff's claims took place within this District, and

11   Plaintiff is domiciled in this Judicial District.

12

13                                    **<u>PLAINTIFF</u>**

14      11.     Representative Plaintiff is an adult individual and, at all relevant times herein, a

15   resident and citizen of the state of California. Representative Plaintiff is victims of the Data Breach.

16   Representative Plaintiff was an employee of Defendant's.

17      12.     Defendant received highly sensitive personal and financial information from

18   Representative Plaintiff in connection with Plaintiff's employment. As a result, Representative

19   Plaintiff's information was among the data accessed by an unauthorized third-party in the Data

20   Breach.

21      13.     Representative Plaintiff received—and was a "consumer" for purposes of obtaining

22   goods from Defendant within this state.

23      14.     At all times herein relevant, Representative Plaintiff is and was a member of each

24   of the Classes.

25      15.     As required in order to obtain employment from Defendant, Representative

26   Plaintiff provided Defendant with highly sensitive personal and financial information.

27      16.     Representative Plaintiff's PHI/PII was exposed in the Data Breach because

28   Defendant stored and/or shared Representative Plaintiff's PHI/PII and financial information. Her

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-4-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

PHI/PII and financial information was within the possession and control of Defendant at the time of the Data Breach.

17. As a result, Representative Plaintiff spent time dealing with the consequences of the Data Breach, which included and continues to include, time spent verifying the legitimacy and impact of the Data Breach, exploring credit monitoring and identity theft insurance options, self-monitoring her accounts and seeking legal counsel regarding her options for remedying and/or mitigating the effects of the Data Breach. This time has been lost forever and cannot be recaptured.

18. Representative Plaintiff suffered actual injury in the form of damages to and diminution in the value of her PHI/PII—a form of intangible property that she entrusted to Defendant, which was compromised in and as a result of the Data Breach.

19. Representative Plaintiff suffered lost time, annoyance, interference, and inconvenience as a result of the Data Breach and has anxiety and increased concerns for the loss of privacy, as well as anxiety over the impact of cybercriminals accessing, using, and selling her PHI/PII and/or financial information.

20. Representative Plaintiff has suffered imminent and impending injury arising from the substantially increased risk of fraud, identity theft, and misuse resulting from her PHI/PII and financial information, in combination with her name, being placed in the hands of unauthorized third parties/criminals.

21. Representative Plaintiff has a continuing interest in ensuring that her PHI/PII and financial information, which, upon information and belief, remains backed up in Defendant's possession, is protected and safeguarded from future breaches.

## **DEFENDANT**

22. Defendant is a Maryland corporation with a principal place of business located at 1000 E. Hanes Mill Road Winston-Salem, North Carolina 27105.

23. Defendant produces and sells clothing. Defendant is domiciliary and citizen of the State of North Carolina.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-5-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

24.     The true names and capacities of persons or entities, whether individual, corporate, associate, or otherwise, who may be responsible for some of the claims alleged here are currently unknown to Representative Plaintiff. Representative Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of such her responsible parties when its identities become known.

## **CLASS ACTION ALLEGATIONS**

25.     Representative Plaintiff brings this action pursuant to the provisions of Rules 23(a), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, on behalf of himself and the following classes/subclass(es) (collectively, the "Class"):

**Nationwide Class:**
"All individuals within the United States of America whose PHI/PII and/or financial information was exposed to unauthorized third-parties as a result of the data breach discovered on March 24, 2022."

**California Subclass:**
"All individuals within the State of California whose PHI/PII was stored by Defendant and/or was exposed to unauthorized third parties as a result of the data breach discovered by Defendant on March 24, 2022."

26.     Excluded from the Classes are the following individuals and/or entities: Defendant and Defendant's parents, subsidiaries, affiliates, officers and directors, and any entity in which Defendant has a controlling interest; all individuals who make a timely election to be excluded from this proceeding using the correct protocol for opting out; any and all federal, state or local governments, including but not limited to its departments, agencies, divisions, bureaus, boards, sections, groups, counsels and/or subdivisions; and all judges assigned to hear any aspect of this litigation, as well as its immediate family members.

27.     Also, in the alternative, Representative Plaintiff requests additional Subclasses as necessary based on the types of information that was compromised.

28.     Representative Plaintiff reserve the right to amend the above definition or to propose subclasses in subsequent pleadings and motions for class certification.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

29.     This action has been brought and may properly be maintained as a class action under Federal Rule of Civil Procedure Rule 23 because there is a well-defined community of interest in the litigation and membership in the proposed classes is easily ascertainable.

a.      Numerosity: A class action is the only available method for the fair and efficient adjudication of this controversy. The members of the Plaintiff Classes are so numerous that joinder of all members is impractical, if not impossible. Representative Plaintiff is informed and believes and, on that basis, alleges that the total number of Class Members is in the hundreds of thousands of individuals. Membership in the classes will be determined by analysis of Defendant's records.

b.      Commonality: Representative Plaintiff and the Class Members share a community of interests in that there are numerous common questions and issues of fact and law which predominate over any questions and issues solely affecting individual members, including, but not necessarily limited to:

1)      Whether Defendant had a legal duty to Representative Plaintiff and the Classes to exercise due care in collecting, storing, using and/or safeguarding their PHI/PII;

2)      Whether Defendant knew or should have known of the susceptibility of its data security systems to a data breach;

3)      Whether Defendant's security procedures and practices to protect its systems was reasonable in light of the measures recommended by data security experts;

4)      Whether Defendant's failure to implement adequate data security measures allowed the Data Breach to occur;

5)      Whether Defendant failed to comply with its own policies and applicable laws, regulations, and industry standards relating to data security;

6)      Whether Defendant adequately, promptly, and accurately informed Representative Plaintiff and Class Members that their PHI/PII had been compromised;

7)      How and when Defendant actually learned of the Data Breach;

8)      Whether Defendant's conduct, including its failure to act, resulted in or was the proximate cause of the breach of its systems, resulting in the loss of the PHI/PII of Representative Plaintiff and Class Members;

9)      Whether Defendant adequately addressed and fixed the vulnerabilities which permitted the Data Breach to occur;

10)     Whether Defendant engaged in unfair, unlawful, or deceptive practices by failing to safeguard the PHI/PII of Representative Plaintiff and Class Members;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL.: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

11) Whether Representative Plaintiff and Class Members are entitled to actual and/or statutory damages and/or whether injunctive, corrective and/or declaratory relief and/or an accounting is/are appropriate as a result of Defendant's wrongful conduct;

12) Whether Representative Plaintiff and Class Members are entitled to restitution as a result of Defendant's wrongful conduct.

c.  <u>Typicality</u>: Representative Plaintiff's claims are typical of the claims of the Plaintiff Classes. Representative Plaintiff and all members of the Plaintiff Classes sustained damages arising out of and caused by Defendant's common course of conduct in violation of law, as alleged herein.

d.  <u>Adequacy of Representation</u>: Representative Plaintiff in this class action is an adequate representative of each of the Plaintiff Classes in that Representative Plaintiff has the same interest in the litigation of this case as the Class Members, is committed to vigorous prosecution of this case, and has retained competent counsel who are experienced in conducting litigation of this nature. Representative Plaintiff is not subject to any individual defenses unique from those conceivably applicable to other Class Members or the classes in its entirety. Representative Plaintiff anticipates no management difficulties in this litigation.

e.  <u>Superiority of Class Action</u>: Since the damages suffered by individual Class Members, while not inconsequential, may be relatively small, the expense and burden of individual litigation by each member makes or may make it impractical for members of the Plaintiff Classes to seek redress individually for the wrongful conduct alleged herein. Should separate actions be brought or be required to be brought, by each individual member of the Plaintiff Classes, the resulting multiplicity of lawsuits would cause undue hardship and expense for the Court and the litigants. The prosecution of separate actions would also create a risk of inconsistent rulings which might be dispositive of the interests of the Class Members who are not parties to the adjudications and/or may substantially impede their ability to adequately protect their interests.

30. This class action is also appropriate for certification because Defendant has acted or refused to act on grounds generally applicable to Class Members, thereby requiring the Court's imposition of uniform relief to ensure compatible standards of conduct toward the Class Members and making final injunctive relief appropriate with respect to the Class in its entirety. Defendant's policies and practices challenged herein apply to and affect Class Members uniformly and Representative Plaintiff's challenge of these policies and practices hinges on Defendant's conduct with respect to the Class in its entirety, not on facts or law applicable only to Representative Plaintiff.

COMPLAINT FOR DAMAGES, INJUNCTIVE AND EQUITABLE RELIEF

31.     Unless a Class-wide injunction is issued, Defendant may continue in its failure to properly secure the PHI/PII and/or financial information of Class Members, and Defendant may continue to act unlawfully as set forth in this Complaint.

32.     Further, Defendant has acted or refused to act on grounds generally applicable to the Classes and, accordingly, final injunctive or corresponding declaratory relief with regard to the Class Members as a whole is appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

## **COMMON FACTUAL ALLEGATIONS**

### **The Cyberattack**

33.     In the course of the Data Breach, one or more unauthorized third-parties accessed Class Members' sensitive data including, but not limited to, dates of birth, financial account information, government issued identification numbers such as drivers' license numbers, passport information, Social Security numbers, and other information related to benefits and employment, including certain limited health information provided for employment related purposes. Representative Plaintiff was among the individuals whose data was accessed in the Data Breach.

34.     Representative Plaintiff was provided the information detailed above upon her receipt of a letter from Defendant, dated on or about September 30, 2022. Representative Plaintiff was not aware of the Data Breach—or even that Defendant was still in possession of her data until receiving that letter.

### **Defendant's Failed Response to the Breach**

35.     Upon information and belief, the unauthorized third-party cybercriminals gained access to Representative Plaintiff's and Class Members' PHI/PII and financial information with the intent of engaging in misuse of the PHI/PII and financial information, including marketing and selling Representative Plaintiff's and Class Members' PHI/PII.

36.     Not until roughly three months after it claims to have discovered the Data Breach did Defendant begin sending the Notice to persons whose PHI/PII and/or financial information

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵗʰ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

Defendant confirmed was potentially compromised as a result of the Data Breach. The Notice provided basic details of the Data Breach and Defendant's recommended next steps.

37. The Notice included, *inter alia*, the claims that Defendant detected a network disruption on May 24, 2022 and launched an investigative process in which it discovered Representative Plaintiff's and Class Members' PHI/PII was affected.

38. Upon information and belief, the unauthorized third-party cybercriminals gained access to Representative Plaintiff's and Class Members' PHI/PII and financial information with the intent of engaging in misuse of that same PHI/PII and financial information, including marketing and selling Representative Plaintiff's and Class Members' PHI/PII.

39. Defendant had and continues to have obligations created by applicable federal and state and federal law as set forth herein, reasonable industry standards, common law, and its own assurances and representations to keep Representative Plaintiff's and Class Members' PHI/PII confidential and to protect such PHI/PII from unauthorized access.

40. Representative Plaintiff and Class Members were required to provide their PHI/PII and financial information to Defendant in order to obtain/retain employment with Defendant, and as part of Defendant's business activities, Defendant created, collected, and stored Representative Plaintiff's and Class Members' data with the reasonable expectation and mutual understanding that Defendant would comply with its obligations to keep such information confidential and secure from unauthorized access.

41. Despite this, Representative Plaintiff and the Class Members remain, even today, in the dark regarding what particular data was stolen, the particular malware used, and what steps are being taken, if any, to secure their PHI/PII and financial information going forward. Representative Plaintiff and Class Members are, thus, left to speculate as to where their PHI/PII ended up, who has used it and for what potentially nefarious purposes. Indeed, they are left to further speculate as to the full impact of the Data Breach and how exactly Defendant intend to enhance its information security systems and monitoring capabilities so as to prevent further breaches.

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

42.     Representative Plaintiff's and Class Members' PHI/PII and financial information may end up for sale on the dark web, or simply fall into the hands of companies that will use the detailed PHI/PII and financial information for targeted marketing without the approval of Representative Plaintiff and/or Class Members. Either way, unauthorized individuals can now easily access the PHI/PII and/or financial information of Representative Plaintiff and Class Members.

**Defendant Collected/Stored Class Members' PHI/PII and Financial Information**

43.     Defendant acquired, collected, and stored and assured reasonable security over Representative Plaintiff's and Class Members' PHI/PII and financial information.

44.     As a condition of its relationships with Representative Plaintiff and Class Members, Defendant required that Representative Plaintiff and Class Members entrust Defendant with highly sensitive and confidential PHI/PII and financial information. Defendant, in turn, stored that information of Defendant's system that was ultimately affected by the Data Breach.

45.     By obtaining, collecting, and storing Representative Plaintiff's and Class Members' PHI/PII and financial information, Defendant assumed legal and equitable duties and knew or should have known that it was thereafter responsible for protecting Representative Plaintiff's and Class Members' PHI/PII and financial information from unauthorized disclosure.

46.     Representative Plaintiff and Class Members have taken reasonable steps to maintain the confidentiality of their PHI/PII and financial information. Representative Plaintiff and Class Members relied on Defendant to keep their PHI/PII and financial information confidential and securely maintained, to use this information for business and human resources purposes only, and to make only authorized disclosures of this information.

47.     Defendant could have prevented the Data Breach by properly securing and encrypting and/or more securely encrypting its servers generally, as well as Representative Plaintiff's and Class Members' PHI/PII and financial information.

48.     Defendant's negligence in safeguarding Representative Plaintiff's and Class Members' PHI/PII and financial information is exacerbated by repeated warnings and alerts

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

directed to protecting and securing sensitive data, as evidenced by the trending data breach attacks in recent years.

49.     Due to the high-profile nature of recent data breaches, Defendant was and/or certainly should have been on notice and aware of such attacks occurring in the healthcare industry and, therefore, should have assumed and adequately performed the duty of preparing for such an imminent attack. This is especially true given that Defendant is a large, sophisticated operation with the resources to put adequate data security protocols in place.

50.     Yet, despite the prevalence of public announcements of data breach and data security compromises, Defendant failed to take appropriate steps to protect Representative Plaintiff's and Class Members' PHI/PII from being compromised.

**Defendant Had an Obligation to Protect the Stolen Information**

51.     Defendant's failure to adequately secure Representative Plaintiff's and Class Members' sensitive data breaches duties it owes Representative Plaintiff and Class Members under statutory and common law. Moreover, Representative Plaintiff and Class Members surrendered their highly sensitive personal data to Defendant under the implied condition that Defendant would keep it private and secure. Accordingly, Defendant also has an implied duty to safeguard their data, independent of any statute.

52.     Defendant was also prohibited by the Federal Trade Commission Act (the "FTC Act") (15 U.S.C. § 45) from engaging in "unfair or deceptive acts or practices in or affecting commerce." The Federal Trade Commission (the "FTC") has concluded that a company's failure to maintain reasonable and appropriate data security for consumers' sensitive personal information is an "unfair practice" in violation of the FTC Act. See, e.g., *FTC v. Wyndham Worldwide Corp.*, 799 F.3d 236 (3d Cir. 2015).

53.     In addition to its obligations under federal and state laws, Defendant owed a duty to Representative Plaintiff and Class Members to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PHI/PII and financial information in Defendant's possession from being compromised, lost, stolen, accessed, and misused by

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

unauthorized persons. Defendant owed a duty to Representative Plaintiff and Class Members to provide reasonable security, including consistency with industry standards and requirements, and to ensure that its computer systems, networks, and protocols adequately protected the PHI/PII and financial information of Representative Plaintiff and Class Members.

54.     Defendant owed a duty to Representative Plaintiff and Class Members to design, maintain, and test its computer systems, servers, and networks to ensure that the PHI/PII and financial information in its possession was adequately secured and protected.

55.     Defendant owed a duty to Representative Plaintiff and Class Members to create and implement reasonable data security practices and procedures to protect the PHI/PII and financial information in its possession, including not sharing information with other/her/their entities who maintained sub-standard data security systems.

56.     Defendant owed a duty to Representative Plaintiff and Class Members to implement processes that would immediately detect a breach on its data security systems in a timely manner.

57.     Defendant owed a duty to Representative Plaintiff and Class Members to act upon data security warnings and alerts in a timely fashion.

58.     Defendant owed a duty to Representative Plaintiff and Class Members to disclose if its computer systems and data security practices were inadequate to safeguard individuals' PHI/PII and/or financial information from theft because such an inadequacy would be a material fact in the decision to entrust this PHI/PII and/or financial information to Defendant.

59.     Defendant owed a duty of care to Representative Plaintiff and Class Members because they were foreseeable and probable victims of any inadequate data security practices.

60.     Defendant owed a duty to Representative Plaintiff and Class Members to encrypt and/or more reliably encrypt Representative Plaintiff's and Class Members' PHI/PII and financial information and monitor user behavior and activity in order to identity possible threats.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

**Value of the Relevant Sensitive Information**

61.     The high value of PHI/PII and financial information to criminals is further evidenced by the prices they will pay through the dark web. Numerous sources cite dark web pricing for stolen identity credentials. For example, personal information can be sold at a price ranging from $40 to $200, and bank details have a price range of $50 to $200.[3] Experian reports that a stolen credit or debit card number can sell for $5 to $110 on the dark web.[4] Criminals can also purchase access to entire company data breaches from $999 to $4,995.[5]

62.     Between 2005 and 2019, at least 249 million people were affected by health care data breaches.[6] Indeed, during 2019 alone, over 41 million healthcare records were exposed, stolen, or unlawfully disclosed in 505 data breaches.[7] In short, these sorts of data breaches are increasingly common, especially among healthcare systems, which account for 30.03% of overall health data breaches, according to cybersecurity firm Tenable.[8]

63.     These criminal activities have and will result in devastating financial and personal losses to Representative Plaintiff and Class Members. For example, it is believed that certain PHI/PII compromised in the 2017 Experian data breach was being used, three years later, by identity thieves to apply for COVID-19-related benefits in the state of Oklahoma. Such fraud will be an omnipresent threat for Representative Plaintiff and Class Members for the rest of their lives. They will need to remain constantly vigilant.

64.     The FTC defines identity theft as "a fraud committed or attempted using the identifying information of another person without authority." The FTC describes "identifying

---

[3]     *Your personal data is for sale on the dark web. Here's how much it costs,* Digital Trends, Oct. 16, 2019, *available at*: https://www.digitaltrends.com/computing/personal-data-sold-on-the-dark-web-how-much-it-costs/ (last accessed July 28, 2021).
[4]     *Here's How Much Your Personal Information Is Selling for on the Dark Web*, Experian, Dec. 6, 2017, *available at*: https://www.experian.com/blogs/ask-experian/heres-how-much-your-personal-information-is-selling-for-on-the-dark-web/ (last accessed November 5, 2021).
[5]     *In the Dark*, VPNOverview, 2019, *available at*: https://vpnoverview.com/privacy/anonymous-browsing/in-the-dark/ (last accessed January 21, 2022).
[6]     https://www.ncbi.nlm.nih.gov/pmc/articles/PMC7349636/#B5-healthcare-08-00133 (last accessed January 21, 2022).
[7]     https://www.hipaajournal.com/december-2019-healthcare-data-breach-report/ (last accessed January 21, 2022).
[8]     https://www.tenable.com/blog/healthcare-security-ransomware-plays-a-prominent-role-in-covid-19-era-breaches (last accessed January 21, 2022).

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

information" as "any name or number that may be used, alone or in conjunction with any other information, to identify a specific person," including, among other things, "[n]ame, Social Security number, date of birth, official State or government issued driver's license or identification number, alien registration number, government passport number, employer or taxpayer identification number."

65.     Identity thieves can use PHI/PII and financial information, such as that of Representative Plaintiff and Class Members which Defendant failed to keep secure, to perpetrate a variety of crimes that harm victims. For instance, identity thieves may commit various types of government fraud such as immigration fraud, obtaining a driver's license or identification card in the victim's name but with another's picture, using the victim's information to obtain government benefits, or filing a fraudulent tax return using the victim's information to obtain a fraudulent refund.

66.     The ramifications of Defendant's failure to keep secure Representative Plaintiff's and Class Members' PHI/PII and financial information are long lasting and severe. Once PHI/PII and financial information is stolen, particularly identification numbers, fraudulent use of that information and damage to victims may continue for years. Indeed, the PHI/PII and/or financial information of Representative Plaintiff and Class Members was taken by hackers to engage in identity theft or to sell it to other criminals who will purchase the PHI/PII and/or financial information for that purpose. The fraudulent activity resulting from the Data Breach may not come to light for years.

67.     There may be a time lag between when harm occurs versus when it is discovered, and also between when PHI/PII and/or financial information is stolen and when it is used. According to the U.S. Government Accountability Office ("GAO"), which conducted a study regarding data breaches:

> [L]aw enforcement officials told us that in some cases, stolen data may be held for up to a year or more before being used to commit identity theft. Further, once stolen data have been sold or posted on the Web, fraudulent use of that information may continue for years. As a result, studies that attempt to measure the harm resulting from data breaches cannot necessarily rule out all future harm.[9]

---

[9]   *Report to Congressional Requesters*, GAO, at 29 (June 2007), *available at:*

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

68. When cyber criminals access Social Security numbers—as they did here—there is no limit to the amount of fraud to which Defendant may have exposed Representative Plaintiff and Class Members.

69. And data breaches are preventable.[10] As Lucy Thompson wrote in the DATA BREACH AND ENCRYPTION HANDBOOK, "[i]n almost all cases, the data breaches that occurred could have been prevented by proper planning and the correct design and implementation of appropriate security solutions."[11] She/he/they added that "[o]rganizations that collect, use, store, and share sensitive personal data must accept responsibility for protecting the information and ensuring that it is not compromised . . . ."[12]

70. Most of the reported data breaches are a result of lax security and the failure to create or enforce appropriate security policies, rules, and procedures … Appropriate information security controls, including encryption, must be implemented and enforced in a rigorous and disciplined manner so that a *data breach never occurs*."[13]

71. Here, Defendant knew of the importance of safeguarding PHI/PII and financial information and of the foreseeable consequences that would occur if Representative Plaintiff's and Class Members' PHI/PII and financial information was stolen, including the significant costs that would be placed on Representative Plaintiff and Class Members as a result of a breach of this magnitude. As detailed above, Defendant is large, sophisticated organizations with the resources to deploy robust cybersecurity protocols. They knew, or should have known, that the development and use of such protocols were necessary to fulfill its statutory and common law duties to Representative Plaintiff and Class Members. Its failure to do so is, therefore, intentional, willful, reckless, and/or grossly negligent.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

http://www.gao.gov/new.items/d07737.pdf (last accessed January 21, 2022).
[10] Lucy L. Thompson, "Despite the Alarming Trends, Data Breaches Are Preventable," *in* DATA BREACH AND ENCRYPTION HANDBOOK (Lucy Thompson, ed., 2012)
[11] *Id.* at 17.
[12] *Id.* at 28.
[13] *Id.*

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

72.     Defendant disregarded the rights of Representative Plaintiff and Class Members by, *inter alia*, (i) intentionally, willfully, recklessly, or negligently failing to take adequate and reasonable measures to ensure that its network servers were protected against unauthorized intrusions; (ii) failing to disclose that they did not have adequately robust security protocols and training practices in place to adequately safeguard Representative Plaintiff's and Class Members' PHI/PII and/or financial information; (iii) failing to take standard and reasonably available steps to prevent the Data Breach; (iv) concealing the existence and extent of the Data Breach for an unreasonable duration of time; and (v) failing to provide Representative Plaintiff and Class Members prompt and accurate notice of the Data Breach.

**FIRST CLAIM FOR RELIEF**
**Negligence**
**(On behalf of the Nationwide Class and the California Subclass)**

73.     Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein

74.     At all times herein relevant, Defendant owed Representative Plaintiff and Class Members a duty of care, *inter alia*, to act with reasonable care to secure and safeguard their PHI/PII and financial information and to use commercially reasonable methods to do so. Defendant took on this obligation upon accepting and storing the PHI/PII and financial information of Representative Plaintiff and Class Members in its computer systems and on its networks.

75.     Among these duties, Defendant was expected:

a.     to exercise reasonable care in obtaining, retaining, securing, safeguarding, deleting, and protecting the PHI/PII and financial information in its possession;

b.     to protect Representative Plaintiff's and Class Members' PHI/PII and financial information using reasonable and adequate security procedures and systems that were/are compliant with industry-standard practices;

c.     to implement processes to quickly detect the Data Breach and to timely act on warnings about data breaches; and

d.     to promptly notify Representative Plaintiff and Class Members of any data breach, security incident, or intrusion that affected or may have affected its PHI/PII and financial information.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL.: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

76. Defendant knew that the PHI/PII and financial information was private and confidential and should be protected as private and confidential and, thus, Defendant owed a duty of care not to subject Representative Plaintiff and Class Members to an unreasonable risk of harm because they were foreseeable and probable victims of any inadequate security practices.

77. Defendant knew, or should have known, of the risks inherent in collecting and storing PHI/PII and financial information, the vulnerabilities of its data security systems, and the importance of adequate security. Defendant knew about numerous, well-publicized data breaches.

78. Defendant knew, or should have known, that its data systems and networks did not adequately safeguard Representative Plaintiff's and Class Members' PHI/PII and financial information.

79. Only Defendant was in the position to ensure that its systems and protocols were sufficient to protect the PHI/PII and financial information that Representative Plaintiff and Class Members had entrusted to it.

80. Defendant breached its duties to Representative Plaintiff and Class Members by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the PHI/PII and financial information of Representative Plaintiff and Class Members.

81. Because Defendant knew that a breach of its systems could damage thousands of individuals, including Representative Plaintiff and Class Members, Defendant had a duty to adequately protect its data systems and the PHI/PII and financial information contained therein.

82. Representative Plaintiff's and Class Members' willingness to entrust Defendant with its PHI/PII and financial information was predicated on the understanding that Defendant would take adequate security precautions. Moreover, only Defendant had the ability to protect its systems and the PHI/PII and financial information they stored on them from attack. Thus, Defendant had a special relationship with Representative Plaintiff and Class Members.

83. Defendant also had independent duties under state and federal laws that required Defendant to reasonably safeguard Representative Plaintiff's and Class Members' PHI/PII and financial information and promptly notify them about the Data Breach. These "independent duties"

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

are untethered to any contract between Defendant and Representative Plaintiff and/or the remaining Class Members.

84.    Defendant breached its general duty of care to Representative Plaintiff and Class Members in, but not necessarily limited to, the following ways:

a.   by failing to provide fair, reasonable, or adequate computer systems and data security practices to safeguard the PHI/PII and financial information of Representative Plaintiff and Class Members;

b.   by failing to timely and accurately disclose that Representative Plaintiff's and Class Members' PHI/PII and financial information had been improperly acquired or accessed;

c.   by failing to adequately protect and safeguard the PHI/PII and financial information by knowingly disregarding standard information security principles, despite obvious risks, and by allowing unmonitored and unrestricted access to unsecured PHI/PII and financial information;

d.   by failing to provide adequate supervision and oversight of the PHI/PII and financial information with which it was and are entrusted, in spite of the known risk and foreseeable likelihood of breach and misuse, which permitted an unknown third party to gather PHI/PII and financial information of Representative Plaintiff and Class Members, misuse the PHI/PII and intentionally disclose it to others without consent.

e.   by failing to adequately train its employees to not store PHI/PII and financial information longer than absolutely necessary;

f.   by failing to consistently enforce security policies aimed at protecting Representative Plaintiff's and the Class Members' PHI/PII and financial information;

g.   by failing to implement processes to quickly detect data breaches, security incidents, or intrusions; and

h.   by failing to encrypt Representative Plaintiff's and Class Members' PHI/PII and financial information and monitor user behavior and activity in order to identify possible threats.

85.    Defendant's willful failure to abide by these duties was wrongful, reckless, and grossly negligent in light of the foreseeable risks and known threats.

86.    As a proximate and foreseeable result of Defendant's grossly negligent conduct, Representative Plaintiff and Class Members have suffered damages and are at imminent risk of additional harms and damages (as alleged above).

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

87.     The law further imposes an affirmative duty on Defendant to timely disclose the unauthorized access and theft of the PHI/PII and financial information to Representative Plaintiff and Class Members so that they could and/or still can take appropriate measures to mitigate damages, protect against adverse consequences and thwart future misuse of its PHI/PII and financial information.

88.     Defendant breached its duty to notify Representative Plaintiff and Class Members of the unauthorized access by waiting months after learning of the Data Breach to notify Representative Plaintiff and Class Members and then by failing and continuing to fail to provide Representative Plaintiff and Class Members sufficient information regarding the breach. To date, Defendant have not provided sufficient information to Representative Plaintiff and Class Members regarding the extent of the unauthorized access and continues to breach its disclosure obligations to Representative Plaintiff and Class Members.

89.     Further, through its failure to provide timely and clear notification of the Data Breach to Representative Plaintiff and Class Members, Defendant prevented Representative Plaintiff and Class Members from taking meaningful, proactive steps to secure its PHI/PII and financial information, and to access its medical records and histories.

90.     There is a close causal connection between Defendant's failure to implement security measures to protect the PHI/PII and financial information of Representative Plaintiff and Class Members and the harm suffered, or risk of imminent harm suffered by Representative Plaintiff and Class Members. Representative Plaintiff's and Class Members' PHI/PII and financial information was accessed as the proximate result of Defendant's failure to exercise reasonable care in safeguarding such PHI/PII and financial information by adopting, implementing, and maintaining appropriate security measures.

91.     Defendant's wrongful actions, inactions, and omissions constituted (and continue to constitute) common law negligence.

92.     The damages Representative Plaintiff and Class Members have suffered (as alleged above) and will suffer were and are the direct and proximate result of Defendant's grossly negligent conduct.

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

93.     Additionally, 15 U.S.C. §45 (FTC Act, Section 5) prohibits "unfair . . . practices in or affecting commerce," including, as interpreted, and enforced by the FTC, the unfair act or practice by businesses, such as Defendant, of failing to use reasonable measures to protect PHI/PII and financial information. The FTC publications and orders described above also form part of the basis of Defendant's duty in this regard.

94.     Defendant violated 15 U.S.C. §45 by failing to use reasonable measures to protect PHI/PII and financial information and not complying with applicable industry standards, as described in detail herein. Defendant's conduct was particularly unreasonable given the nature and amount of PHI/PII and financial information it obtained and stored and the foreseeable consequences of the immense damages that would result to Representative Plaintiff and Class Members.

95.     As a direct and proximate result of Defendant's negligence and negligence *per se*, Representative Plaintiff and Class Members have suffered and will suffer injury, including but not limited to: (i) actual identity theft; (ii) the loss of the opportunity of how their PHI/PII and financial information is used; (iii) the compromise, publication, and/or theft of their PHI/PII and financial information; (iv) out-of-pocket expenses associated with the prevention, detection, and recovery from identity theft, tax fraud, and/or unauthorized use of its PHI/PII and financial information; (v) lost opportunity costs associated with effort expended and the loss of productivity addressing and attempting to mitigate the actual and future consequences of the Data Breach, including but not limited to, efforts spent researching how to prevent, detect, contest, and recover from embarrassment and identity theft; (vi) lost continuity in relation to its healthcare; (vii) the continued risk to their PHI/PII and financial information, which may remain in Defendant's possession and is subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect Representative Plaintiff's and Class Members' PHI/PII and financial information in its continued possession; and (viii) future costs in terms of time, effort, and money that will be expended to prevent, detect, contest, and repair the impact of the PHI/PII and financial information compromised as a result of the Data Breach for the remainder of the lives of Representative Plaintiff and Class Members.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

96.     As a direct and proximate result of Defendant's negligence and negligence *per se*, Representative Plaintiff and Class Members have suffered and will continue to suffer other forms of injury and/or harm, including, but not limited to, anxiety, emotional distress, loss of privacy, and other economic and non-economic losses.

97.     Additionally, as a direct and proximate result of Defendant's negligence and negligence *per se*, Representative Plaintiff and Class Members have suffered and will suffer the continued risks of exposure of their PHI/PII and financial information, which remain in Defendant's possession and are subject to further unauthorized disclosures so long as Defendant fails to undertake appropriate and adequate measures to protect the PHI/PII and financial information in its continued possession.

**SECOND CLAIM FOR RELIEF**
**Negligence *Per Se***
**(On behalf of the Nationwide Class and the California Subclass)**

98.     Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth therein.

99.     Section 5 of the Federal Trade Commission Act, 15 U.S.C. § 45 prohibits companies such as Defendant from "using any unfair method of competition or unfair or deceptive act or practice in or affecting commerce," including failing to use reasonable measures to protect PHI/PII. In addition to the FTC Act, the agency also enforces other federal laws relating to consumers' privacy and security. The FTC publications and orders described above also form part of the basis of Defendant's duty in this regard.

100.    In addition to the FTC rules and regulations, and state law, other states, and jurisdictions where victims of the Data Breach are located require that Defendant protect PHI/PII from unauthorized access and disclosure, and timely notify the victim of a data breach.

101.    Defendant violated FTC rules and regulations obligating companies to use reasonable measures to protect PHI/PII by failing to comply with applicable industry standards; and by unduly delaying reasonable notice of the actual breach. Defendant's conduct was particularly unreasonable given the nature and amount of PHI/PII it obtained and stored, the

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

1   foreseeable consequences of a Data Breach and the exposure of Representative Plaintiff's and

2   Class Members' highly sensitive PHI/PII.

3       102.    Each of Defendant's statutory violations of Section 5 of the FTC Act and other

4   applicable statutes, rules, and regulations, constitute negligence *per se*.

5       103.    Representative Plaintiff and the Class Members are within the category of persons

6   the FTC Act were intended to protect.

7       104.    The harm that occurred as a result of the Data Breach described herein is the type

8   of harm the FTC Act was intended to guard against.

9       105.    As a direct and proximate result of Defendant's negligence *per se*, Plaintiff and

10   Class Members have been damaged as described herein, continue to suffer injuries as detailed

11   above, are subject to the continued risk of exposure of their PHI/PII in Defendant's possession,

12   and are entitled to damages in an amount to be proven at trial.

**THIRD CLAIM FOR RELIEF**
**Confidentiality of Medical Information Act**
**(Cal. Civ. Code §56, *et seq*.)**
**(On behalf of the California Subclass)**

16       1.    Each and every allegation of the preceding paragraphs is incorporated in this cause

17   of action with the same force and effect as though fully set forth herein.

18       2.    Under California Civil Code §56.06, Defendant is deemed a "provider of health

19   care, health care service plan, or contractor" and is, therefore, subject to the CMIA, California

20   Civil Code §§ 56.10(a), (d) (e), 56.36(b), 56.101(a) and (b).

21       3.    Under the CMIA, California Civil Code §56.05(k), Representative Plaintiff and

22   California Subclass Members (except employees of Defendant whose records may have been

23   accessed) are deemed "patients."

24       4.    As defined in the CMIA, California Civil Code §56.05(j), Defendant disclosed

25   "medical information" to unauthorized persons without obtaining consent, in violation of

26   §56.10(a). Defendant's misconduct, including failure to adequately detect, protect, and prevent

27   unauthorized disclosure, directly resulted in the unauthorized disclosure of Representative

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

Plaintiff's and California Subclass Members' PHI/PII and financial information to unauthorized persons.

5. Defendant's misconduct, including protecting and preserving the confidential integrity of its patients'/customers' PHI/PII and financial information, resulted in unauthorized disclosure of sensitive and confidential PII that belongs to Representative Plaintiff and California Subclass Members to unauthorized persons, breaching the confidentiality of that information, thereby violating California Civil Code §§ 56.06 and 56.101(a).

6. As a result of the Data Breach, unauthorized third parties viewed Representative Plaintiff's and Class Members' protected medical information.

7. Representative Plaintiff and California Subclass Members have all been and continue to be harmed as a direct, foreseeable, and proximate result of Defendant's breach because Representative Plaintiff and California Subclass Members face, now and in the future, an imminent threat of identity theft, fraud, and for ransom demands. They must now spend time, effort, and money to constantly monitor their accounts and credit to surveille for any fraudulent activity.

8. Representative Plaintiff and California Subclass Members were injured and have suffered damages, as described above, from Defendant's illegal disclosure and negligent release of their PHI/PII and financial information in violation of Cal. Civ. Code §§ 56.10 and 56.101 and, therefore, seek relief under Civ. Code §§ 56.35 and 56.36, including actual damages, nominal statutory damages of $1,000, punitive damages of $3,000, injunctive relief, and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**Breach of Implied Contract**
**(On behalf of the Nationwide Class and the California Subclass)**

9. Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth therein.

10. Through its course of conduct, Defendant, Representative Plaintiff and Class Members entered into implied contracts for Defendant to implement data security adequate to

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

safeguard and protect the privacy of Representative Plaintiff's and Class Members' PHI/PII and financial information.

11.    Defendant required Representative Plaintiff and Class Members to provide and entrust their PHI/PII and financial information as a condition of obtaining Defendant's good.

12.    Defendant solicited and invited Representative Plaintiff and Class Members to provide their PHI/PII and financial information as part of Defendant's regular business practices. Representative Plaintiff and Class Members accepted Defendant's offers and provided their PHI/PII and financial information to Defendant.

13.    As a condition of their relationship with Defendant, Representative Plaintiff and Class Members provided and entrusted their PHI/PII and financial information to Defendant. In so doing, Representative Plaintiff and Class Members entered into implied contracts with Defendant by which Defendant agreed to safeguard and protect such non-public information, to keep such information secure and confidential, and to timely and accurately notify Representative Plaintiff and Class Members if its data had been breached and compromised or stolen.

14.    A meeting of the minds occurred when Representative Plaintiff and Class Members agreed to, and did, provide their PHI/PII and financial information to Defendant, in exchange for, amongst other things, the protection of their PHI/PII and financial information.

15.    Representative Plaintiff and Class Members fully performed their obligations under the implied contracts with Defendant.

16.    Defendant breached the implied contracts it made with Representative Plaintiff and Class Members by failing to safeguard and protect its PHI/PII and financial information and by failing to provide timely and accurate notice to them that their PHI/PII and financial information was compromised as a result of the Data Breach.

17.    As a direct and proximate result of Defendant's above-described breach of implied contract, Representative Plaintiff and Class Members have suffered (and will continue to suffer) (a) ongoing, imminent, and impending threat of identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; (b) actual identity theft crimes, fraud, and abuse, resulting in monetary loss and economic harm; (c) loss of the confidentiality of the stolen confidential data;

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

(d) the illegal sale of the compromised data on the dark web; (e) lost work time; and (f) other economic and non-economic harm.

**FIFTH CLAIM FOR RELIEF**
**Breach of the Implied Covenant of Good Faith and Fair Dealing**
**(On behalf of the Nationwide Class and the California Subclass)**

18. Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth therein.

19. Every contract in this state has an implied covenant of good faith and fair dealing. This implied covenant is an independent duty and may be breached even when there is no breach of a contract's actual and/or express terms.

20. Representative Plaintiff and Class Members have complied with and performed all conditions of their contracts with Defendant.

21. Defendant breached the implied covenant of good faith and fair dealing by failing to maintain adequate computer systems and data security practices to safeguard PHI/PII and financial information, failing to timely and accurately disclose the Data Breach to Representative Plaintiff and Class Members and continued acceptance of PHI/PII and financial information and storage of other personal information after Defendant knew, or should have known, of the security vulnerabilities of the systems that were exploited in the Data Breach.

22. Defendant acted in bad faith and/or with malicious motive in denying Representative Plaintiff and Class Members the full benefit of their bargains as originally intended by the parties, thereby causing them injury in an amount to be determined at trial.

**SIXTH CLAIM FOR RELIEF**
**Unfair Business Practices**
**(Cal. Bus. & Prof. Code, §17200, *et seq*.)**
**(On behalf of the California Subclass)**

23. Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth herein.

24. Representative Plaintiff and California Subclass Members further bring this cause of action, seeking equitable and statutory relief to stop the misconduct of Defendant, as complained of herein.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

25.    Defendant has engaged in unfair competition within the meaning of California Business & Professions Code §§17200, *et seq.*, because Defendant's conduct is unlawful, unfair, and/or fraudulent, as herein alleged.

26.    Representative Plaintiff, the California Subclass Members, and Defendant are each a "person" or "persons" within the meaning of § 17201 of the California Unfair Competition Law ("UCL").

27.    The knowing conduct of Defendant, as alleged herein, constitutes an unlawful and/or fraudulent business practice, as set forth in California Business & Professions Code §§17200-17208. Specifically, Defendant conducted business activities while failing to comply with the legal mandates cited herein, including HIPAA. Such violations include, but are not necessarily limited to:

a.    failure to maintain adequate computer systems and data security practices to safeguard PHI/PII and financial information;

b.    failure to disclose that its computer systems and data security practices were inadequate to safeguard PHI/PII and financial information from theft;

c.    failure to timely and accurately disclose the Data Breach to Representative Plaintiff and California Subclass Members;

d.    continued acceptance of PHI/PII and financial information and storage of other personal information after Defendant knew or should have known of the security vulnerabilities of the systems that were exploited in the Data Breach; and

e.    continued acceptance of PHI/PII and financial information and storage of other personal information after Defendant knew or should have known of the Data Breach and before they allegedly remediated the Data Breach.

28.    Defendant knew, or should have known, that its computer systems and data security practices were inadequate to safeguard the PHI/PII and financial information of Representative Plaintiff and California Subclass Members, deter hackers, and detect a breach within a reasonable time and that the risk of a data breach was highly likely.

29.    In engaging in these unlawful business practices, Defendant has enjoyed an advantage over its competition and a resultant disadvantage to the public and California Subclass Members.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-27-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

30.     Defendant's knowing failure to adopt policies in accordance with and/or adhere to these laws, all of which are binding upon and burdensome to Defendant's competitors, engenders an unfair competitive advantage for Defendant, thereby constituting an unfair business practice, as set forth in California Business & Professions Code §§17200-17208.

31.     Defendant has clearly established a policy of accepting a certain amount of collateral damage, as represented by the damages to Representative Plaintiff and California Subclass Members herein alleged, as incidental to its business operations, rather than accept the alternative costs of full compliance with fair, lawful, and honest business practices ordinarily borne by responsible competitors of Defendant and as set forth in legislation and the judicial record.

32.     The UCL is, by its express terms, a cumulative remedy, such that remedies under its provisions can be awarded in addition to those provided under separate statutory schemes and/or common law remedies, such as those alleged in the other causes of action of this Complaint. *See* Cal. Bus. & Prof. Code § 17205.

33.     Representative Plaintiff and California Subclass Members request that this Court enter such orders or judgments as may be necessary to enjoin Defendant from continuing its unfair, unlawful, and/or deceptive practices and to restore to Representative Plaintiff and California Subclass Members any money Defendant acquired by unfair competition, including restitution and/or equitable relief, including disgorgement of ill-gotten gains, refunds of moneys, interest, reasonable attorneys' fees, and the costs of prosecuting this class action, as well as any and all other relief that may be available at law or equity.

**SEVENTH CLAIM FOR RELIEF**
**Unjust Enrichment**
**(On behalf of the Nationwide Class and the California Subclass)**

34.     Each and every allegation of the preceding paragraphs is incorporated in this cause of action with the same force and effect as though fully set forth therein.

35.     By its wrongful acts and omissions described herein, Defendant has obtained a benefit by unduly taking advantage of Representative Plaintiff and Class Members.

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-28-

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

36. Representative Plaintiff entrusted her PHI/PII and financial information to Defendant in the course of her employment with Defendant. This caused Representative Plaintiff to reasonably believe that Defendant would keep such PHI/PII and financial information secure. The remaining Class Members provided Defendant with their PHI/PII and financial information for similar purposes and—likewise—reasonably believed Defendant would keep their PHI/PII and financial information secure.

37. Defendant was aware, or should have been aware, that reasonable patients and consumers would have wanted their PHI/PII and financial information kept secure and would not have contracted with Defendant, directly or indirectly, had they known that Defendant's information systems were sub-standard for that purpose.

38. Defendant was also aware that, if the substandard condition of and vulnerabilities in its information systems were disclosed, it would negatively affect Representative Plaintiff's and Class Members' decisions to seek products/services therefrom.

39. Defendant failed to disclose facts pertaining to its substandard information systems, defects, and vulnerabilities therein before Representative Plaintiff and Class Members made its decisions to make purchases, engage in commerce therewith, and seek products/services or information. Instead, Defendant suppressed and concealed such information. By concealing and suppressing that information, Defendant denied Representative Plaintiff and Class Members the ability to make a rational and informed purchasing and health care decision and took undue advantage of Representative Plaintiff and Class Members.

40. Defendant was unjustly enriched at the expense of Representative Plaintiff and Class Members. Defendant received profits, benefits, and compensation, in part, at the expense of Representative Plaintiff and Class Members. By contrast, Representative Plaintiff and Class Members did not receive the benefit of their bargain because they paid for products that did not satisfy the purposes for which they bought/sought them.

41. Since Defendant's profits, benefits, and other compensation were obtained by improper means, Defendant is not legally or equitably entitled to retain any of the benefits, compensation or profits it realized from these transactions.

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12ᵀᴴ STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

42.      Representative Plaintiff and Class Members seek an Order of this Court requiring Defendant to refund, disgorge, and pay as restitution any profits, benefits and other compensation obtained by Defendant from its wrongful conduct and/or the establishment of a constructive trust from which Representative Plaintiff and Class Members may seek restitution.

## **RELIEF SOUGHT**

**WHEREFORE,** Representative Plaintiff, on behalf of herself and each member of the proposed National Class and the California Subclass, respectfully request that the Court enter judgment in their favor and for the following specific relief against Defendant as follows:

1.      That the Court declare, adjudge, and decree that this action is a proper class action and certify each of the proposed classes and/or any other appropriate subclasses under F.R.C.P. Rule 23 (b)(1), (b)(2), and/or (b)(3), including appointment of Representative Plaintiff's counsel as Class Counsel;

2.      For an award of damages, including actual, nominal, and consequential damages, as allowed by law in an amount to be determined;

3.      That the Court enjoin Defendant, ordering them to cease and desist from unlawful activities;

4.      For equitable relief enjoining Defendant from engaging in the wrongful conduct complained of herein pertaining to the misuse and/or disclosure of Representative Plaintiff's and Class Members' PHI/PII, and from refusing to issue prompt, complete, any accurate disclosures to Representative Plaintiff and Class Members;

5.      For injunctive relief requested by Representative Plaintiff, including but not limited to, injunctive and other equitable relief as is necessary to protect the interests of Representative Plaintiff and Class Members, including but not limited to an Order:

a.      prohibiting Defendant from engaging in the wrongful and unlawful acts described herein;

b.      requiring Defendant to protect, including through encryption, all data collected through the course of business in accordance with all applicable regulations, industry standards, and federal, state, or local laws;

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-30-

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

c.      requiring Defendant to delete and purge the PHI/PII of Representative Plaintiff and Class Members unless Defendant can provide to the Court reasonable justification for the retention and use of such information when weighed against the privacy interests of Representative Plaintiff and Class Members;

d.      requiring Defendant to implement and maintain a comprehensive Information Security Program designed to protect the confidentiality and integrity of Representative Plaintiff's and Class Members' PHI/PII;

e.      requiring Defendant to engage independent third-party security auditors and internal personnel to run automated security monitoring, simulated attacks, penetration tests, and audits on Defendant's systems on a periodic basis;

f.      prohibiting Defendant from maintaining Representative Plaintiff's and Class Members' PHI/PII on a cloud-based database;

g.      requiring Defendant to segment data by creating firewalls and access controls so that, if one area of Defendant's network is compromised, hackers cannot gain access to other portions of Defendant's systems;

h.      requiring Defendant to conduct regular database scanning and securing checks;

i.      requiring Defendant to establish an information security training program that includes at least annual information security training for all employees, with additional training to be provided as appropriate based upon the employees' respective responsibilities with handling PHI/PII, as well as protecting the PHI/PII of Representative Plaintiff and Class Members;

j.      requiring Defendant to implement a system of tests to assess its respective employees' knowledge of the education programs discussed in the preceding subparagraphs, as well as randomly and periodically testing employees' compliance with Defendant's policies, programs, and systems for protecting personal identifying information;

k.      requiring Defendant to implement, maintain, review, and revise as necessary a threat management program to appropriately monitor Defendant's networks for internal and external threats, and assess whether monitoring tools are properly configured, tested, and updated;

l.      requiring Defendant to meaningfully educate all Class Members about the threats that they face as a result of the loss of its confidential personal identifying information to third parties, as well as the steps affected individuals must take to protect themselves.

6.      For prejudgment interest on all amounts awarded, at the prevailing legal rate;

7.      For an award of attorneys' fees, costs, and litigation expenses, as allowed by law;

8.      For all other Orders, findings, and determinations identified and sought in this Complaint.

COMPLAINT FOR DAMAGES,
INJUNCTIVE AND EQUITABLE RELIEF

**JURY DEMAND**

Representative Plaintiff, individually and on behalf of the Plaintiff Classes and/or Subclasses, hereby demands a trial by jury for all issues triable by jury.

Dated: October 7, 2022                                    **COLE & VAN NOTE**


By:      */s/ Cody A. Bolce.*
         Cody A. Bolce, Esq.
         Attorneys for Representative Plaintiff
         and the Plaintiff Classes

COLE & VAN NOTE
ATTORNEYS AT LAW
555 12TH STREET, SUITE 1725
OAKLAND, CA 94607
TEL: (510) 891-9800

-32-